**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**VALDEZE HUGHES**                                                        **PLAINTIFF**

**CIVIL ACTION NO. 4:22-CV-P6-JHM**

**DEPARTMENT OF CORRECTIONS**                              **DEFENDANT**

**MEMORANDUM OPINION**

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. The

matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the

reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff Valdeze Hughes is a convicted prisoner. He sues the Kentucky Department of

Corrections.

Plaintiff makes the following allegations *in toto*:

I was granted parole in Kentucky 6-22-2018. At the time I was granted parole I
had already been credited with 4 years and couple months before ever being
released on parole. I was granted parole and released 6-22-2018 and was out on
parole for 14 month 426 days before a warrant was placed on me for absconding 8-
23-2019. I was recently given a time sheet where they had took 1261 days and
added it back on [to] my prison sentence, including time I served in prison. I have
a 10 year sentence + [they] made it a 13 year sentence. I would like my 121 days
place back on my sentence, they put a warrant out 8-23-2019 + that stopped all my
good time they was giving me . . . . My time sheet says I was out on parole 1261
days which [they] added back on 2 my sentence + I was only out 426 days before
they stopped my parole time + stopped giving me good credit. I should be off
parole its on my time sheet.

As relief, Plaintiff seeks damages and injunctive relief in the form of "28 U.S.C. §§ 2241,

2254."

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

To the extent that Plaintiff seeks damages for the alleged miscalculation of his sentence, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot state a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). Because Plaintiff's allegations about the improper calculation of his sentence appear to call into question the validity of his imprisonment and because Plaintiff does not allege that his sentence has been reversed on appeal or called into question in any of the ways articulated by *Heck*, he cannot proceed with a damages action challenging his sentence. *See, e.g.*, *Murphy v. Lasata*, No. 1:21-cv-454, 2021 U.S. Dist. LEXIS 117826 (W.D. Mich. June 24, 2021) (dismissing § 1983 claim for damages as barred by *Heck* where the plaintiff

alleged that his sentence had been miscalculated and that he was being illegally held beyond his

"outdate" because his claim called in into question the "validity of his imprisonment" and his

sentence had not been invalidated); *Johnson v. Chambers-Smith*, No. 4:20CV01019, 2020 U.S.

Dist. LEXIS 194120 (N.D. Ohio Oct. 20, 2020) (holding § 1983 damages claim regarding the

incorrect computation of a state criminal sentence was barred by *Heck* because the sentence had

not previously been invalidated).

Moreover, to the extent that Plaintiff seeks an earlier or immediate release from custody, a

habeas corpus action is the only mechanism available for him to do so. *Preiser v. Rodriguez*, 411

U.S. 475, 490 (1973); *see also Longacre v. Mich. Dep't. of Corr.*, No. 14-2219, 2015 U.S. App.

LEXIS 23421 (6th Cir. June 1, 2015) (affirming that a claim challenging the duration of a sentence

should have been brought in a petition for habeas corpus rather than a § 1983 action and that any

damages claim was barred by *Heck* since plaintiff did not allege that his conviction or sentence

had been invalidated).

## IV.

For these reasons, the Court will enter a separate Order dismissing this action.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 2241 and § 2254 packet for his

use should he decide to file a habeas corpus action.  Plaintiff must decide which forms, if either,

meet his needs.

Date:   January 28, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011